**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 09-4095

————————

COOPER UNIVERSITY HOSPITAL
Appellant

v.

KATHLEEN SEBELIUS,
Secretary, Department of Health and Human Services

Pursuant to F.R.A.P. 43(c)

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 1-08-cv-03781)
District Judge: Honorable Jerome B. Simandle

————————

Argued: September 15, 2010

————————

Before: SLOVITER, BARRY and SMITH, <u>Circuit Judges</u>

(Opinion Filed: October 12, 2010)

————————

Mark H. Gallant, Esq. (Argued)
Judy Wang Mayer, Esq.
Cozen & O'Connor
1900 Market Street
3rd Floor
Philadelphia, PA 19103-0000

1

　　-and-
Thomas McKay, III, Esq.
Cozen & O'Connor
457 Haddonfield Road
Liberty View, Suite 300
Cherry Hill, NJ 08002-0000

Counsel for Appellant Cooper University Hospital


Anthony J. Steinmeyer, Esq. (Argued)
August E. Flentje, Esq.
United States Department of Justice
Civil Division
Room 7529
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0000
　　　-and-
David L. Hoskins, Esq.
Department of Health & Human Services
Health Care Financing Division
330 Independence Avenue, S.W.
Cohen Building
Washington, DC 20201-0000
　　　-and-
Elizabeth A. Pascal, Esq.
Office of the United States Attorney
Camden Federal Building & Courthouse
401 Market Street
P.O. Box 2098, 4th Floor
Camden, NJ 08101-0000

Counsel for Appellee Kathleen Sebelius

Jeffrey A. Lovitky, Esq.
Law Office of Jeffrey A. Lovitky
1776 K. Street, N.W.
Suite 800
Washington, DC 20006

Counsel for Amicus-Appellant Quality Reimbursement Services

———————

OPINION

———————

BARRY, Circuit Judge

Cooper University Hospital has appealed the grant of summary judgment in favor of Kathleen Sebelius, Secretary of the U.S. Department of Health and Human Services, in this very complex and very important matter. The case before the Hon. Jerome B. Simandle, and now the appeal before us, involved the amount of Medicare reimbursement that Cooper University Hospital – a hospital in Camden, New Jersey, with a large low-income patient population – receives from the federal government for serving a disproportionate share of low-income patients. Resolution of the difficult legal issue presented required an analysis of the interaction between, and the intersection of, the Medicare and Medicaid statutes, described by a sister court as being "among the most completely impenetrable texts within human experience." Rehab. Ass'n of Va., Inc. v. Kozlowski, 42 F.3d 1440, 1450 (4th Cir. 1994). Resolution of this issue will affect hospitals well beyond the one hospital party to this case.

We have carefully considered the record and the submissions of the parties, and have heard oral argument. We have paid particular attention to the patience and skill with which Judge Simandle has handled this case from its very inception until its

conclusion, when he rendered an Opinion that thoughtfully, thoroughly, and articulately decided what had to be decided. We could not do it better, and we will not try. Suffice it to say, substantially for the reasons set forth in Judge Simandle's excellent Opinion of September 28, 2009, we will affirm.